UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| MORGAN STANLEY SMITH BARNEY, LLC, and MORGAN STANLEY & CO. LLC, | ) ) ) ) | |
|---|---|---|
| Plaintiffs, | ) ) | |
| v. | ) ) | No.: 3:17-CV-175-TAV-CCS |
| JOHN S. VERBLE, | ) ) | |
| Defendant. | ) ) | |

## **MEMORANDUM OPINION AND ORDER**

This civil action is before the Court on plaintiffs Morgan Stanley Smith Barney, LLC ("MSSB") and Morgan Stanley & Co. LLC's ("MSC") (collectively "MS") Motion for Expedited Preliminary Injunction [Doc. 9], defendant John S. Verble's Motion to Dismiss and/or Motion for Alternative Relief [Doc. 14], and Verble's Motion to Consolidate Preliminary Injunction Hearing With Hearing on the Merits Pursuant to Rule 65(a)(2) [Doc. 21].[1]  The parties filed several responses and replies to the pending motions [Docs. 18, 20, 29, 35, 36]. The Court held a hearing in the matter to address the pending motions on May 30, 2017 [Doc. 34].

For the reasons that follow, the Court will grant MS's Motion for Expedited Preliminary Injunction [Doc. 9], deny Verble's Motion to Dismiss and/or Motion for

---

[1] Due to the procedural posture of this case, the Court will refer to the parties by their names rather than by their status as plaintiff(s) or defendant(s).

Alternative Relief [Doc. 14], and deny Verble's Motion to Consolidate Preliminary Injunction Hearing With Hearing on the Merits Pursuant to Rule 65(a)(2) [Doc. 21].

I.  **Background**[2]

Verble joined MSSB as a financial advisor in 2006 [Doc. 1 ¶ 8]. In June 2013, MSSB terminated Verble's employment [*Id*. ¶ 9]. On June 4, 2014, MSSB filed a statement of claim in an arbitration action against Verble seeking to recover payment of a debt allegedly owed on a promissory note [*Id*. ¶ 10]. The arbitration is before the Financial Industry Regulatory Authority ("FINRA") [*Id*.]. On October 17, 2014, Verble filed his statement of answer in the FINRA arbitration without including any counterclaims or third-party claims [*Id*.]

On February 19, 2015, Verble filed a complaint in this Court asserting the following claims against MS: (1) retaliation claim under the Dodd-Frank Act, 15 U.S.C. § 78u-6(h) ("Dodd-Frank"); (2) retaliation claim under the False Claims Act, 31 U.S.C. § 3730(h) ("FCA"); (3) retaliatory discharge claims under Tennessee common law and the Tennessee Public Protection Act, Tenn. Code Ann. § 50-1-304 ("TPPA"); (4) intentional and negligent infliction of emotional distress claims under Tennessee state law; and (5) a slander claim under Tennessee common law [*Verble v. Morgan Stanley Smith Barney,*

---

[2] The Court presumes familiarity with the docket in *Verble v. Morgan Stanley Smith Barney, LLC*, No. 3:15-CV-74.

*LLC*, No. 3:15-CV-74 ("*Verble I*"), Doc. 1].[3] MS filed a motion to dismiss all claims against it [*Verble I*, Doc. 10].

This Court granted MS's motion to dismiss on December 8, 2015, and closed the case [*Verble I*, Docs. 34–35]. The Court dismissed Verble's claims for the following reasons: (1) Dodd-Frank retaliation claim for failure to state a claim because Verble did not allege that he provided information to the SEC before his termination and, therefore, did not adequately allege that he qualified as a whistleblower as defined in Dodd-Frank; (2) FCA retaliation claim for failure to state a claim because Verble failed to adequately allege facts showing that he engaged in protected activity to support his FCA claim and because the Court was not required to *sua sponte* grant Verble leave to amend his complaint when he never filed an amended complaint or requested leave to file an amended complaint; and (3) state law claims because the Court declined to exercise supplemental jurisdiction over such claims [*Verble I*, Doc. 34].

On December 16, 2015, Verble filed a Notice of Appeal [*Verble I*, Doc. 36]. The Sixth Circuit affirmed this Court's dismissal of all claims on January 13, 2017, for the following reasons: (1) Dodd-Frank retaliation claim for failure to state a claim, on grounds that Verble failed to plead sufficient facts to state a plausible claim; and (2) FCA retaliation

---

[3] In *Verble I*, the Court also discussed and dismissed Verble's retaliation claim under the Sarbanes-Oxley Act, 18 U.S.C. § 1514A ("SOX") [*Verble I*, Doc. 34 pp. 6–8]. On appeal, Verble stated in his reply brief that he never intended to bring an independent SOX claim [*Verble I*, Doc. 37 p. 5]. In addition, Verble's counsel clarified again during the May 30, 2017, hearing, that Verble never made any claim under SOX. As such, the Court will proceed as if Verble never brought an independent SOX claim before this Court and presumes that Verble does not intend to bring a SOX claim in the FINRA arbitration.

claim for the same reasons as this Court [*Verble I*, Doc. 37]. Verble then petitioned the Supreme Court for a writ of certiorari [*Verble I*, Doc. 38], which was denied on March 20, 2017 [*Verble I*, Doc. 39].

On March 28, 2017, Verble filed a motion for leave to amend his answer in the FINRA arbitration to state several of the same claims that were dismissed by this Court in his original action [Doc. 1-2]. Specifically, Verble seeks to add the following counterclaims against MSSB and third-party claims against MSC: (1) Dodd-Frank retaliation claim; (2) FCA retaliation claim; (3) retaliatory discharge claims under Tennessee common law and TPPA; and (4) slander claim under Tennessee common law [*Id.* at 5–15].

Subsequently, MS filed the instant action on April 28, 2017, seeking declaratory and injunctive relief to enjoin Verble from asserting the proposed claims in the FINRA arbitration [Doc. 1]. Specifically, MS seeks a judicial declaration that Verble waived any right he may have had to arbitrate his claims by filing and actively litigating them in this Court and the appellate courts for over two years before asserting any right to arbitrate them [*Id*. at 9–10]. Plaintiffs also seek a declaration that Verble is barred from re-litigating his claims in the FINRA arbitration under the doctrine of res judicata because those claims already were, or could have been, adjudicated to final judgment by this Court and arise from the same nucleus of operative facts as the claims adjudicated to final judgment by this Court [*Id*. at 10]. In addition, MS seeks an order enjoining Verble from re-litigating his claims in the FINRA arbitration [*Id*. at 11].

The Court will address the following motions in turn: (1) Verble's Motion to Consolidate Preliminary Injunction Hearing With Hearing on the Merits Pursuant to Rule 65(a)(2) [Doc. 21]; (2) MS's Motion for Expedited Preliminary Injunction [Doc. 9]; and (3) Verble's Motion to Dismiss and/or Motion for Alternative Relief [Doc. 14].[4]

## II. Defendant's Motion to Consolidate Preliminary Injunction Hearing with Hearing on the Merits Pursuant to Rule 65(a)(2)

Verble moves the Court to consolidate the preliminary injunction hearing with a hearing on the merits pursuant to Federal Rule of Civil Procedure 65(a)(2) [Doc. 21]. Rule 65(a)(2) provides:

> *Consolidating the Hearing with the Trial on the Merits.* Before or after beginning the hearing on a motion for a preliminary injunction, the court may advance the trial on the merits and consolidate it with the hearing. Even when consolidation is not ordered, evidence that is received on the motion and that would be admissible at trial becomes part of the trial record and need not be repeated at trial. But the court must preserve any party's right to a jury trial.

Fed. R. Civ. P. 65(a)(2). Verble asserts that the Court should consolidate the hearings pursuant to Rule 65(a)(2) because all of the relevant evidence for a trial on the merits is already before the Court. In response, MS argues that the Court should deny Verble's motion to consolidate because it is not the proper procedural vehicle for resolving MS's claims.

The Court addressed this motion during the May 30, 2017, hearing, and the parties appeared to agree that after the Court rules on the preliminary injunction, one party may

---

[4] The Court notes that Verble has not asserted that this Court does not have subject matter jurisdiction over this action.

5

move for summary judgment and the Court can effectively convert its preliminary injunction ruling into a final ruling on the merits. *See Minard Run Oil Co. v. U.S. Forest Serv.*, 549 F. App'x 93, 95 (3d Cir. 2013) (affirming the district court's grant of summary judgment that "essentially convert[ed] a preliminary injunction into a declaratory judgment"); *Morgan Stanley & Co. v. Couch*, No. 1:15-CV-1291, 2016 WL 8467758, at *3–5 (E.D. Cal. Dec. 14, 2016) (converting a preliminary injunction enjoining FINRA arbitration to a permanent injunction through summary judgment). In light of the parties' agreement and the relevant case law, the Court will deny Verble's motion to consolidate [Doc. 21].

### III. MS's Motion for Expedited Preliminary Injunction

MS moves the Court to issue a preliminary injunction enjoining Verble from litigating his proposed counterclaims and third-party claims in the FINRA arbitration. In determining whether to issue a preliminary injunction, the Court must consider whether: (1) MS "has a strong likelihood of success on the merits"; (2) MS "would suffer irreparable injury without the injunction"; (3) "issuance of the injunction would cause substantial harm to others"; and (4) "the public interest would be served by issuance of the injunction." *Wilson v. Gordon*, 822 F.3d 934, 952 (6th Cir. 2016). The Court will address each of these factors in turn.

#### A. Strong Likelihood of Success on the Merits

In MS's complaint, it seeks judicial declarations that Verble: (1) waived any right to arbitrate his proposed claims; and (2) is barred by the doctrine of res judicata from re-

litigating his proposed claims in the FINRA arbitration. In addition, MS seeks an order enjoining Verble from litigating his proposed claims in the FINRA arbitration based on those judicial declarations. The Court will first address the likelihood that MS is entitled to an injunction based on res judicata, and it will then turn to waiver.

"Under the doctrine of res judicata or claim preclusion, a final judgment on the merits precludes a party from relitigating claims that were or which could have been asserted in an earlier action between the same parties." *Helfrich v. Metal Container Corp.*, 11 F. App'x 574, 576 (6th Cir. 2001). Courts have "broad injunctive powers" to determine whether res judicata operates to protect a prior court judgment from a successive arbitration claim, and to enjoin a successive arbitration on the basis of res judicata. *See Sheldon Co. Profit Sharing Plan & Trust v. Smith*, 858 F. Supp. 663, 667 (W.D. Mich. 1994).

In determining the res judicata effect of a federal court judgment, courts apply federal res judicata law. *Sherman v. Ludington*, No. 91-3936, 1992 WL 158878, at *3 (6th Cir. July 7, 1992); *Silcox v. United Trucking Serv., Inc.*, 687 F.2d 848, 852 (6th Cir. 1982). Applying federal res judicata requires finding the following elements: "(1) a final judgment on the merits of the earlier action; (2) identity of the cause of action in both the earlier and later suits; and (3) the identity of the parties or privies in the two suits." *Sherman*, 1992 WL 158878, at *3. In addition, "[w]hen claims arise out a single nucleus of operative of fact (or out of the same 'transaction'), they will be barred even if they involve different harms or different legal theories." *King v. Reg'l Med. Ctr. at Memphis*, No. 10-2094, 2010 WL 2465467, at *3–4 (W.D. Tenn. June 14, 2010). The Supreme Court has recognized,

however, that res judicata "does not apply when the party against whom the earlier decision is asserted did not have a 'full and fair opportunity' to litigate the claim." *Kremer v. Chemical Const. Corp.*, 456 U.S. 461, 480–81 (1982).

The Court will address the likelihood that MS will succeed on its res judicata claims as to the following claims in turn: (1) Dodd-Frank claim, (2) FCA claim, and (3) state-law claims. As an initial point, the Court notes that the identity of the same parties in both actions is not in dispute. Furthermore, Verble is attempting to assert the same claims in the FINRA arbitration that were previously dismissed in *Verble I*.

### 1. Dodd-Frank Claim

MS argues that the Court should bar Verble from bringing his Dodd-Frank retaliation claim in the FINRA arbitration because Verble brought the same claim in *Verble I*, and the claim was dismissed after an adjudication on the merits. In *Verble I*, Verble argued that providing information to the FBI was sufficient to qualify as a whistleblower under Dodd-Frank. This Court disagreed and dismissed Verble's Dodd-Frank claim under Federal Rule of Civil Procedure 12(b)(6) on the ground that Verble did not qualify as a whistleblower as defined in Dodd-Frank because he did not allege that he provided information to the SEC before his termination [*Verble I*, Doc. 34 p. 21]. In doing so, the Court accepted the Fifth Circuit's interpretation of Dodd-Frank's statutory requirements for qualifying as a "whistleblower," as set forth in *Asadi v. G.E. Energy (USA) LLC*, 720 F.3d 620 (5th Cir. 2013).

8

On appeal, the Sixth Circuit affirmed this Court's dismissal of Verble's Dodd-Frank claim [*Verble I*, Doc. 37 p. 13]. In doing so, however, the Sixth Circuit did not reach the statutory interpretation issue [*Id.* at 9–13]. Instead, the Sixth Circuit found that "Verble's complaint [was] entirely devoid of any factual material describing his work with any law-enforcement agency, including the FBI or SEC," and consequently, that his complaint "d[id] not allege 'enough facts to state a claim to relief that is plausible on its face'" [*Id.* at 13 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007))]. As the Sixth Circuit explained in its opinion, "[w]e may affirm the district court's dismissal of [Verble's] claims on any grounds, including those not relied on by the district court" [*Id.* at 5–6 (citations omitted)]. The Sixth Circuit also stated, "Before the district court, defendants argued both that Verble did not qualify as a whistleblower for the purposes of Dodd-Frank's anti-retaliation provision and that Verble's complaint failed to meet the plausibility standard set forth in *Twombly* and *Iqbal*" [*Id.* at 10].

Verble first argues that the dismissal of his Dodd-Frank claim based on a failure to plead sufficient facts was not an adjudication on the merits and is not subject to res judicata. Federal Rule of Civil Procedure 41(b) provides that "[u]nless a dismissal order states otherwise, a dismissal . . . operates as an adjudication on the merits." Fed. R. Civ. P. 41(b) (providing exceptions for dismissals due to "lack of jurisdiction, improper venue, or failure to join a party under Rule 19," which are not applicable here). The Sixth Circuit's opinion affirming the dismissal of Verble's Dodd Frank claim, like this Court's opinion, did not state that the dismissal was without prejudice. As such, Rule 41(b) provides that the Rule

12(b)(6) dismissal was an adjudication on the merits. *See id.*; *see also Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 399 & n.3 (1981) (finding that a dismissal under Rule 12(b)(6) for "failure to state a claim" constitutes a "judgment on the merits" for res judicata purposes); *Cobbs v. Katona*, 8 F. App'x 437, 438 (6th Cir. 2001) ("A prior [Rule] 12(b)(6) dismissal for failure to state a claim upon which relief may be granted operates as an adjudication on the merits for issue and claim preclusion purposes."). As the Sixth Circuit affirmed the dismissal of the Dodd-Frank claim based on Verble's failure to state a claim under Rule 12(b)(6), that dismissal operates as an adjudication on the merits for res judicata purposes.

Verble also argues that res judicata should not apply to his Dodd-Frank claim because he did not have a "full and fair opportunity" to litigate the claim. *See Kremer*, 456 U.S. at 480–81. According to Verble, he "had no opportunity to meet the allegation that his pleading on the Dodd Frank count was insufficient" because the sufficiency of his Dodd-Frank allegations was "never raised below" and because MS "had not raised any pleading issue" before this Court or the Sixth Circuit [Doc. 15 p. 7]. Verble contends that he had "no notice at the appropriate time that his case was being dismissed on a procedural technicality that could be corrected by asking for leave to amend and then filing an amended complaint" [Doc. 14 p. 1]. In support of this assertion, Verble points out that this Court dismissed the Dodd-Frank claim based on its interpretation of the term "whistleblower," and he argues that this interpretation issue was the only issue briefed and argued before the Sixth Circuit.

10

The Sixth Circuit, however, specifically found that MS argued before this Court that "Verble's complaint failed to meet the plausibility standard set forth in *Twombly* and *Iqbal*" [*Verble I*, Doc. 37 p. 10]. Furthermore, MS cites several portions of their briefings before this Court and the Sixth Circuit that address plausibility standards [*See* Doc. 18 pp. 17 n.6, 17–18 n.7]. Indeed, Verble also argued in its briefing before this Court that his allegations satisfy the plausibility standards [*See Verble I*, Doc. 17 p. 12].

In light of the Sixth Circuit's finding that MS argued before this Court that Verble's complaint failed to meet the plausibility standards, and after considering the parties' briefing before this Court and the Sixth Circuit, the Court finds that Verble was on notice that the Sixth Circuit may affirm this Court's decision based on Verble's failure to plead sufficient facts. In so finding, the Court notes that it is bound by the Sixth Circuit's determination that MS properly moved to dismiss Verble's Dodd-Frank claim based on Verble's failure to allege sufficient facts. As such, the Court finds that Verble had a full and fair opportunity to litigate his Dodd-Frank claim and that the dismissal of that claim was an adjudication on the merits.

Consequently, the Court finds that MS is likely to succeed on the merits of its claim that res judicata bars Verble from asserting his Dodd-Frank claim in the FINRA arbitration.

**2. FCA Claim**

This Court dismissed Verble's FCA claim because Verble "ha[d] not adequately alleged any facts showing he engaged in protected activity in connection with his FCA retaliation claim" [*Verble I*, Doc. 34 p. 25]. The Court notes that Verble stated the

11

following in his response in opposition to MS's motion to dismiss: "Undersigned counsel represents to the Court that Defendants are in error on this point. Plaintiff will answer specific inquiries from the Court on this subject under seal" [*Verble I*, Doc. 17 p. 4]. Addressing this argument, the Court provided the following in its opinion: "At no point in this litigation has plaintiff moved the Court or asked for leave to amend the complaint under seal. Even in his response to defendants' motion to dismiss, plaintiff still did not ask for leave to amend the complaint under seal" [*Verble I*, Doc. 34 p. 25]. The Court then "decline[d] to *sua sponte* give plaintiff leave to amend his complaint" [*Id.* at 26]. The Sixth Circuit affirmed this Court's dismissal of the FCA claim on the same basis that this Court dismissed the claim [*Verble I*, Doc. 37 p. 6].

Verble argues that he did not appeal the dismissal of his FCA claim because had the Sixth Circuit reversed this Court's Dodd-Frank holding, he would have moved to amend his complaint under seal to add sufficient facts to sustain his FCA claim. A dismissal of a claim for a plaintiff's failure to plead sufficient facts, however, nevertheless qualifies as a dismissal on the merits for res judicata purposes. *See Federated Dep't Stores, Inc.*, 452 U.S. at 399 n.3. Furthermore, Verble does not argue that he was not on notice that this Court could dismiss the FCA claim based on insufficient allegations.

The Court finds, therefore, that MS is likely to succeed on the merits of its claim that res judicata bars Verble from asserting his FCA claim in the FINRA arbitration.

### 3. State Law Claims

This Court dismissed Verble's state law claims by declining to exercise supplemental jurisdiction over the claims [*Verble I*, Doc. 34 p. 27]. Although this dismissal would not ordinarily constitute an adjudication on the merits, MS argues that res judicata applies because Verble could have pled and litigated such claims under diversity jurisdiction.

The Sixth Circuit has stated the following with regard to whether res judicata bars relitigation of state claims over which a court previously had diversity jurisdiction:

> Decisions from a number of federal circuits, including the Sixth Circuit, indicate res judicata bars the relitigtion [sic] of state claims over which a previous federal forum had diversity jurisdiction. This precedent suggests that a plaintiff who initially files suit in federal court with state claims accompanying a federal question must assert diversity jurisdiction as an independent basis for the state claims, if it exists; otherwise, the district court's dismissal of those claims "without prejudice," following rejection of the federal claim on the merits, precludes relitigation of the state claims in either state or federal court.

*Apartments Nationwide, Inc. v. Harmon Publ'g Co.*, No. 96-3794, 1998 WL 109972, at *1 (6th Cir. Mar. 4, 1998) (citing *Kale v. Combined Ins. Co. of Am.*, 924 F.2d 1161, 1165 (1st Cir. 1991); *Shaver v. F.W. Woolworth Co.*, 840 F.2d 1361, 1365–68 (7th Cir. 1988); *Cemer v. Marathon Oil Co.*, 583 F.2d 830, 832 (6th Cir. 1978)). Here, Verble does not dispute that he could have alleged diversity as a basis for this Court's jurisdiction over the state law claims in the original action and that he did not allege diversity jurisdiction.

In addition, the Court finds that Verble's proposed state law claims in the FINRA arbitration arise from the same transaction, or series of connected transactions out of which

13

the Dodd-Frank and FCA retaliation claims arose, and that they arise from the same nucleus of operative facts. *See King*, 2010 WL 2465467, at *3–4. Namely, Verble's proposed state law claims arise from Verble's employment with MSSB, his cooperation with the FBI, his termination of employment, which he alleges was retaliatory, and the harassment, discrimination, and retaliation that Verble alleges he was subjected to because of his alleged protected activities [*See* Docs. 11-1, 11-3]. Furthermore, all of his proposed state law claims seek the same damages he requested in *Verble I* for the same alleged retaliatory actions and statements [*See* Doc. 11-1 ¶¶ 57–65; Doc. 11-3 ¶¶ 138–45]. As such, the Court finds that Verble could have pled and litigated these state law claims under diversity jurisdiction in *Verble I*.

The Court notes Verble's argument that the facts he asserts in his proposed claims are the same facts that he would assert in defense of MSSB's claim in the FINRA arbitration. This representation does not affect the Court's analysis because applying res judicata to the state law claims would not prohibit Verble from arguing those alleged *facts* as a defense to MSSB's claim. Rather, should the Court issue an injunction here, Verble would be enjoined from asserting the proposed *claims* in the FINRA arbitration.

In sum, the Court finds that MS is likely to succeed on its claim that Verble's proposed state law claims in the FINRA arbitration are barred by res judicata as they could have be litigated to final judgment with the Dodd-Frank and FCA claims under diversity jurisdiction. Having found that MS is likely to succeed on all of its claims based on the

theory of res judicata, the Court declines to determine whether MS would succeed on such claims based on the theory of waiver.

## B. Irreparable Injury[5]

MS asserts that it will suffer substantial and immediate irreparable injury if the Court does not grant a preliminary injunction because MS would be forced to spend significant time and resources arbitrating Verble's proposed claims in the likely absence of any contractual duty to do so. The Sixth Circuit has recognized that "the potential irreparable harm to the defendants from the failure to issue an injunction is obvious" where a party is "forced to defend in yet another forum the identical claims that were asserted against the[m] unsuccessfully." *In re Dublin Secs., Inc.*, 133 F.3d 377, 381 (6th Cir. 1997). As such, the Court finds that forcing MS to arbitrate the proposed claims would cause it irreparable harm. *See, e.g., CIG Asset Mgmt. v. Bircoll*, No. 13-13213, 2013 WL 4084763, at *2–3 (E.D. Mich. Aug. 13, 2013) (finding that forcing a party to arbitrate non-arbitrable

---

[5] In one of Verble's filings before the Court, he provides that he "did not brief the standards for issuing a 'preliminary injunction' because this is clearly a case where the 'trial on the merits' should be consolidated pursuant to Rule 65(a)(2) with the proceedings for the preliminary injunction" [Doc. 20 p. 1]. As the Court previously noted, the parties appeared to agree at the hearing that after the Court rules on the preliminary injunction, one party may move for summary judgment, and the Court can effectively convert its preliminary injunction ruling into a final ruling on the merits. Despite that discussion, Verble has yet to provide any substantive opposition to MS's arguments regarding irreparable injury, harm to others, and public interest concerns. The Court notes that Verble filed a supplemental brief after the hearing [Doc. 35] but did not include any discussion of the remaining preliminary injunction factors. The Court finds, therefore, that Verble has waived any opposition to MS's arguments as to irreparable injury, harm to others, and public interest concerns. *See Taylor v. Unumprovident Corp.*, No. 1:03-CV-1009, 2005 WL 3448052, at *2 (E.D. Tenn. Dec. 14, 2005) (asserting that a responding party waives opposition to an opponent's argument when it fails to respond to that argument).

claims would cause a party to expend significant time and expenses it would not be able to recover in arbitration constitutes irreparable harm).

### C. Substantial Harm to Others

MS argues that a preliminary injunction poses little risk of harm to Verble. Specifically, MS argues that if the Court ultimately decides to issue a declaratory judgment in MS's favor and permanently enjoins arbitration of Verble's proposed claims, the preliminary injunction will have made Verble no worse off than he is now. Conversely, if the Court ultimately determines that Verble's may assert his proposed claims before FINRA, then the preliminary injunction will have caused only minor delay in the proceeding.

The Court finds that this factor weighs in favor of MS, as it appears that the only harm to Verble by virtue of the preliminary injunction would be a delay in arbitration. *See CIG Asset Mgmt.*, 2013 WL 4084763, at *3 (determining that where only consequence to the defendant will be delay in arbitration, the harm to others factor weighs in favor of the plaintiff).

### D. Public Interest Concerns

MS contends that public interest concerns also weigh in favor of a preliminary injunction, as the goal of arbitration is to offer a prompt and inexpensive way of resolving issues and forcing MS to arbitrate Verble's proposed claims would frustrate that purpose.

One goal of arbitration is to "facilitate streamlined proceedings." *See Gutierrez v. Wells Fargo Bank NA*, 704 F.3d 712, 721 (9th Cir. 2012). Parties may not use arbitration

"as a strategy to manipulate the legal process." *Id.* The Court finds that allowing Verble to re-litigate his claims in the FINRA arbitration "post-appeal would be wholly duplicative and lead to further delay and expense to [all] parties." *Id.* at 721–22 (finding that such circumstances frustrate the purpose of the Federal Arbitration Act). The Court finds that "complicat[ing] and extend[ing] the proceedings" would "not serve any public interest." *Morgan Stanley & Co. v. Couch*, 659 F. App'x 402, 406 (9th Cir. 2016) (providing that forcing parties to arbitrate claims they have no contractual duty to arbitrate "does not serve the public interest"). Consequently, the Court finds that the public interest would be served by the issuance of a preliminary injunction.

In sum, the Court finds that all four preliminary injunction factors weigh in favor of MS. Consequently, the Court will grant MS's motion for a preliminary injunction, and the Court will enjoin Verble from proceeding with his proposed counterclaims and third-party claims in the FINRA arbitration until the Court resolves this case.

## IV. Verble's Motion to Dismiss

Verble moves the Court to dismiss this proceeding in its entirety and to either allow him to pursue his claims in FINRA or to reopen *Verble I*. As to the motion to dismiss, the Court notes that Verble cites no authority that supports dismissal of MS's complaint, and he does not set forth a legal argument in support of dismissal under Rule 12 or any other rule. In addition, the Court has already discussed that MS is likely to succeed on the merits of its claims. Consequently, for the reasons previously discussed herein, the Court finds

17

that MS's complaint states a plausible claim for relief, and the Court will deny Verble's motion to dismiss.

## V.     Verble's Motion for Alternative Relief

Verble also seeks relief in the form of reopening *Verble I* with leave to file an amended complaint in that case. Verble, however, does not provide any legal basis for reopening the case, and the Court finds that Verble has not followed the correct procedural mechanism for doing so. Verble's only avenue for reopening *Verble I* would be to file a motion pursuant to Federal Rule of Civil Procedure 60(b) in *Verble I*. *See* Fed. R. Civ. P. 60(b) (providing that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for" a several listed reasons). Simultaneously, Verble could file a motion to amend the complaint in *Verble I* that the Court would address if it determined that Verble is entitled to relief under Rule 60(b). *See Russell v. GTE Gov't Sys. Corp.*, 141 F. App'x. 429, 436 (6th Cir. 2005) (providing that "[a]mendments after judgment should only be allowed if the standards under Rule 59(e) or 60(b) are met").

As Verble has not followed the proper procedure for his request to reopen *Verble I*, the Court will not consider the merits of his motion. Consequently, the Court will deny Verble's motion for alternative relief.

## VI.     Conclusion

For the reasons discussed herein, the Court hereby **GRANTS** MS's Motion for Expedited Preliminary Injunction [Doc. 9], **DENIES** Verble's Motion to Dismiss and/or Motion for Alternative Relief [Doc. 14], and **DENIES** Verble's Motion to Consolidate Preliminary Injunction Hearing With Hearing on the Merits Pursuant to Rule 65(a)(2) [Doc. 21]. The Court hereby **ENJOINS** John S. Verble from proceeding with his proposed counterclaims and third-party claims in the FINRA arbitration.

IT IS SO ORDERED.

s/ Thomas A. Varlan  
CHIEF UNITED STATES DISTRICT JUDGE